IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY


**DAVID MARK WALKER**
    Petitioner,

v.                                 CIVIL ACTION NO. 5:04-1253

**JIM RUBENSTEIN,**
**Department of Corrections,**
    Respondent.


## MEMORANDUM OPINION AND ORDER

### Background

    By Standing Order filed on November 24, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation. Magistrate Judge VanDervort submitted his proposed findings and recommendation on April 11, 2005. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court (1) grant respondent's motion to dismiss (Doc. No. 7), (2) dismiss with prejudice petitioners's petition under 28 U.S.C. § 2254 for writ of *habeas corpus* (Doc. No. 1), and (3) direct the Clerk to remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which

to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner filed two objections to the Proposed Findings and Recommendation on April 22, 2005. Because petitioner filed his objections timely, this court has conducted a *de novo* review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## Analysis

Petitioner's first objection contends that the magistrate judge incorrectly applied the provisions of 28 U.S.C. § 2244(d), which sets time limitations governing the filing of 28 U.S.C. § 2254 *habeas corpus* petitions. (Objections, Doc. No. 11, p. 1.) His second objection asserts that even if the provisions of § 2244(d) were correctly applied in a technical sense, this court should still deny respondent's motion to dismiss because the

circumstances of this case warrant equitable tolling of the statutory time limits. (Id. at p. 2.) Both objections are without merit.

*I. Objection to Application of the Statutory Time Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, limits the time that state prisoners have to file federal § 2254 *habeas* petitions to one year, running from the latest of four possible dates.[1] See 28 U.S.C. § 2244(d)(1). Of those dates, the only one relevant to the current petition is "the date on which the [state court's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The date on which a state criminal conviction becomes final by "the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. 2244(d)(1)(A) is when the United States Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

---

[1] 28 U.S.C. § 2244(d)(2) mandates that the one-year limit in § 2244(d)(1) is tolled while state *habeas* proceedings are pending. The magistrate judge properly included and calculated this statutory tolling in his findings.

However, in contrast to direct review, "proceedings under West Virginia's habeas statute are unmistakably separate and distinct from the original criminal proceeding in which the defendant was convicted and sentenced," and therefore invoke *collateral review*. Walkowiak v. Haines, 272 F.3d 234, 238 (4th Cir. 2001).

Petitioner contends that the magistrate judge erred in finding that the one-year time limit in AEDPA began running on March 11, 2002, when the ninety-day time period for seeking United States Supreme Court review of the West Virginia Supreme Court of Appeals order sustaining his conviction expired. See Sup. Ct. R. 13(1) (setting ninety-day deadline for seeking certiorari of a state high court decision). Instead, petitioner asserts that the one-year statutory limit in AEDPA did not begin running until November 19, 2003, at the earliest,[2] when the West Virginia Supreme Court of Appeals refused to review the denial of his collateral attack state *habeas* petition. (Objections, Doc. No. 11, p. 1.) However, as the magistrate judge explained, "§ 2244(d)(1) unambiguously provides that the one-year limitation period begins to run at the conclusion of direct review of the

---

[2]  In his "Reply to Respondent's Motion to Dismiss" submitted in the proceedings before the magistrate judge, petitioner argued that the § 2244(d)(1) period did not begin running until February 17, 2004, ninety days after his state *habeas* appeal was denied. (Doc. No. 8, p. 3). That issue, among others, raises the question of whether petitioner's filing would be timely even if the one-year period had begun running after review of his state petition. However, given the court's ruling to the contrary on the latter point, there is no need to address that question here.

Petitioner's conviction and sentence *and not at the conclusion of state collateral proceedings*." (Proposed Findings & Recommendation, Doc. No. 10, p. 7) (citing Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)) (emphasis added by this court). As petitioner cites no authority countermanding Harris, and as this court has been unable to identify any such authority, petitioner's first objection has no legal basis.

*II. Equitable Tolling*

On April 27, 2005, five days after petitioner's objections were filed, the United States Supreme Court decided Pace v. DiGuglielmo, 125 S. Ct. 1807. In Pace, the Court promulgated and applied a two-part test for determining whether equitable tolling is appropriate in a given case: "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 125 S. Ct. at 1814. The Court in Pace specifically refused to take a position on whether equitable tolling should be available under the one-year time limitation in AEDPA. Id, 125 S. Ct. at 1814 n.8. However, the Fourth Circuit has concluded that "§ 2244(d) is subject to equitable tolling, at least in principle." Harris v. Hutchinson, 209 F.3d 325, 329-330 (2000).

On the question of what facts justify the granting of equitable tolling under AEDPA, the new Pace test closely accords with previously controlling Fourth Circuit language that a

petitioner barred by the § 2244(d) time limit "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  Rouse v. Lee, 339 F.3d 238, 246 (2003), *cert. denied*, 541 U.S. 905 (2004).

Petitioner's objection argues that he has "been prevented from asserting his rights" because "[h]e was never allowed an evidentiary hearing to develop his claims at the State level." (Objections, Doc. No. 11, p. 2.)  This argument, however, provides no basis whatsoever for granting equitable tolling. The Pace and Rouse tests outlined above are tools for evaluating whether a late petitioner has presented valid reasons that justify equitable tolling.  However, the instant petitioner has presented no reasons at all for his failure to file on time, let alone reasons that would satisfy either of those tests. Moreover, petitioner's rhetorical pleas about the significance of his potentially barred claims do nothing to further his case, because such factors are irrelevant to equitable tolling considerations in this circuit.  See Rouse, 339 F.3d at 251 ("[W]e see no reason why the decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition.").  The magistrate judge was correct in refusing to grant equitable tolling in the instant case, and petitioner's § 2254 *habeas* filing was therefore untimely.

**Conclusion**

For the foregoing reasons, petitioner's objections are **OVERRULED**. The court hereby (1) **CONFIRMS and ACCEPTS** the factual and legal analysis contained within the Proposed Findings and Recommendation submitted by the magistrate judge, (2) **GRANTS** respondent's motion to dismiss (Doc. No. 7), and **DISMISSES** petitioners's petition under 28 U.S.C. § 2254 for writ of *habeas corpus* (Doc. No. 1) **with prejudice**.

The Clerk is directed to remove this matter from the active docket of the court, and is further directed to forward a certified copy of this judgment order to counsel of record and to the petitioner.

IT IS SO ORDERED this 10th day of August, 2005.

ENTER:

David A. Faber
Chief Judge